UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JONATHAN MOTA, on behalf of himself and all others
similarly situated,                                                                 20 Civ.   7530

**CLASS ACTION**
**COMPLAINT**

Plaintiffs,

-against-

INTER CONNECTION ELECTRIC, INC.

Defendant.
---------------------------------------------------------------------X

Plaintiff, Jonathan Mota ("Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff was a construction worker employed by Defendant Inter Connection Electric, Inc. ("ICE") from February to October 2019 who performed electrical work in New York City at a long-term public project located at the Brooklyn Navy Yard.

2. Plaintiff frequently worked more than 40 hours per week and was not paid time-and-one-half his regular rate of pay for the hours he worked over 40 in a week.

3. Plaintiff performed electrical work in and on a publically-financed construction project located in Buildings A, C, D and E in the Brooklyn Navy Yard in Brooklyn, New York.

4. Plaintiff was not paid the total amount of prevailing wages and supplemental benefits for the occupation "Electrician" in New York City according to the New York City Prevailing Wage Schedule, as required by statutorily-required contractual terms set forth in New York Labor Law ("NYLL") § 220.

5. Plaintiff brings this action on behalf of himself and all similarly situated former

1

and current employees of Defendant ICE who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and specifically the collective action provision of the FLSA, 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA that have deprived Plaintiff and others similarly situated of their lawful wages, including overtime for all hours worked in excess of forty in a week.

6. Plaintiff also brings this action on behalf of himself and a class of similarly situated former and current employees of Defendant ICE, pursuant to Fed. R. Civ. P. 23, for unpaid wages, including unpaid overtime wages for their hours in excess of forty per week, pursuant to the NYLL §§ 190 *et seq.*, New York Labor Law Article 12 and its supporting regulations 12 N.Y.C.R.R. 142-2.2.

7. Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former employees of Defendant ICE, under Fed. R. Civ. P. 23, as third party beneficiaries of Defendant's prevailing wage contract.  Defendant failed to comply with the statutorily-required provision of all publically-financed contracts entered into in the State of New York to abide by NYLL § 220, requiring the proper payment of prevailing wages and supplemental benefits as set by the New York City Comptroller.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's federal claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Sec. 1391(b)(1), as Defendant conducts business in this district to a sufficient degree to be considered

.a resident of this district, pursuant to 28 U.S.C. § 1391(d).

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. Sec. 2201 and 2202.

## PARTIES

11. Plaintiff is a resident of the Bronx, New York who was employed as an electrician by ICE.

12. At all times relevant to this Complaint, Plaintiff and other members of the putative class were employees of ICE, within the meaning of the FLSA, 29 USC § 203(e) and the NYLL § 190(2), and were laborers, workers, or mechanics within the meaning of NYLL § 220.

13. Defendant Inter Connection Electric, Inc. is an electrical contractor that has been in business since 1990. It engages in all phases of electrical installation, from main electrical power entrance service and emergency generators installation to fire alarm systems, data and voice communications. ICE is incorporated in the State of New York and has a primary office at 209 Granite Avenue, Staten Island, New York and a secondary office at 261 West 35th Street, New York, New York. ICE has provided and continues to provide electrical services as both subcontractor and prime contractor on numerous public works projects and private projects throughout the City of New York during the relevant period.

## CLASS ALLEGATIONS

### FLSA Collective Action

14. Plaintiff brings his FLSA claims on behalf of himself and all similarly situated persons who work or have worked for ICE performing electrical services and who did not receive overtime pay at the rate of time and one-half their regular rate of pay for all hours

worked in excess of forty in a workweek on public projects ("FLSA Collective Action").

15. Defendant ICE is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs, and as such, notice should be sent to the FLSA Class. Upon information and belief, there are at least 50 similarly situated current and former employees of ICE who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

## Rule 23 Class Action

16. Plaintiff brings his New York Labor Law claim and breach of contract claim on his own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all employees of ICE who performed electrical work and who failed to receive overtime compensation at their regular rate of pay for all hours worked in excess of 40 in a work week on public projects and who failed to receive the proper prevailing wage and supplemental benefits rate, as set by the New York City Prevailing Wage Schedule, for any and all hours worked on publically financed construction projects at any time during the six years prior to the filing of this case or between filing and the entry of judgment in this case ("Rule 23 Class").

17. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiff, and calculation of such numbers would require facts in the sole control of Defendant, upon information and belief, there are more than 50 members of the class during the class period.

18. The claims of Plaintiff are typical of the claims of the Rule 23 Class.

19. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class.

20. A class action is superior to other available methods for the fair and efficient

adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's practices.

21. Defendant has acted on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief appropriate for the class.

22. There are questions of law and fact common to the class, which predominate over any questions solely affecting individual members of the class, including:

    a. whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class;

    b. whether Defendant failed to pay Plaintiff and the Rule 23 Class overtime wages at a wage rate of one and one-half their lawful regular rate of pay times within the meaning of the New York Labor Law Article 12 and the supporting New York State Department of Labor Regulations, 12 NYCRR 142-2.2;

    c. whether Defendant entered into certain contracts or subcontracts with or through various municipal government agencies, including The Brooklyn Navy Yard Development Corporation (BNYDC), to provide electrical

      services upon public works projects;

   d. whether Defendant failed to pay Plaintiff and the Rule 23 Class the lawful proper prevailing wage and supplemental benefit rate when they performed electrical work upon public works projects; and

   e. whether Defendant failed to ensure that Plaintiff and the putative class were paid the prevailing wage and required supplemental benefits for all work performed on publically financed construction projects, per contract terms statutorily required to be included in all public works contracts.

## COLLECTIVE AND CLASSWIDE FACTUAL ALLEGATIONS

23. Plaintiff and members of the Rule 23 Class and FLSA Collective Action ("Class Members") were employed by ICE.

24. Upon their hire and throughout their employment, Plaintiff and Class Members were not provided an annual wage notice or periodic wage statement in accordance with New York Labor Law. Sec. 195(1) and (3).

25. Plaintiff and Class Members performed electrical work in that they, among other tasks, provided temporary and permanent power; installed PVC conduit and electrical wiring; bent pipes and added electrical wiring for electrical rooms, elevator rooms and telecom rooms; and provided EMT pipes, wires and mounted lights inside and outside buildings.

26. Plaintiff and Class Members did this electrical work on Buildings A, C, D and E in the Brooklyn Navy Yard.

27. Upon information and belief, Class Members did the same electrical work on other public works projects located in and around the City of New York.

28. Plaintiff and Class Members frequently worked more than forty hours in a

workweek.

29. As part of its regular business practice, ICE intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and the New York Labor Law. This pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiff and the Class Members time and one half their lawful regular rate of pay, that of an electrician rather than a laborer, for those hours worked in excess of forty per work week;

    b. willfully failing to provide Plaintiff and the Class Members hire and statement notice under NYLL Sec. 195; and,

    c. willfully failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

30. Article 8 of the New York Labor Law requires that all contracts and subcontracts entered into for the performance of public works in New York City include contract terms requiring that individuals who work pursuant to such contracts be paid the prevailing wage and supplemental benefits at rates to be determined by the New York City Comptroller.

31. Article 8 of the New York Labor Law requires both contractors and all subcontractors performing work on a public works projects to post the prevailing wage schedule and supplement rates.

32. Article 8 of the New York Labor Law requires contractors on public works projects to provide subcontractors with the schedule of prevailing wages and supplements.

33. Article 8 of the New York Labor Law requires that subcontractors on public works projects provide contractors with a verified statement attesting that the schedule of wages and supplements has been reviewed and received, and agreeing to pay the applicable prevailing

wages and supplements.

34. Article 8 of the New York Labor Law requires both contractors and subcontractors to keep certified payroll records of the hours worked and hourly wage rates paid to all laborers like Plaintiff on publically financed construction projects.

35. Plaintiff and Class Members did electrical work but Defendant did not pay them the prevailing wage or supplemental benefits rate as required by said contract terms.

36. The statutorily-required promise to pay and ensure payment of the prevailing wage, supplements, and overtime in the public works contracts was made for the benefit of all workers furnishing electrical work on the sites of public works projects and, as such, Plaintiff and Class Members furnishing such labor are the beneficiaries of that promise and the contracts entered into by Defendant and/or the contractor and government agencies.

37. Upon information and belief, at various times between 2014 and the present, Defendant ICE entered into contracts with government agencies and/or public benefit corporations, to provide electrical work and employed Plaintiff and Class Members to perform the required work, including but not limited to work on the Brooklyn Navy Yard project.

38. To the extent that ICE did not expressly enter into contracts with government agencies and/or public benefit corporations it entered into a subcontract with that public project's general contractor which required, expressly or by operation of law, that it pay Plaintiff and the Class Members the lawful prevailing wage, supplemental benefits and overtime as required by the above-mentioned contract or subcontract terms.

39. Defendant ICE willfully failed to pay Plaintiff and Class Members engaged in such electrical work on said public works projects the lawful prevailing wage, supplemental benefits and overtime as required by the above-mentioned contract terms.

40. In performance of Defendant's contracts and subcontracts on public works projects, Plaintiff and Class Members performed electrical services as described above.

41. Upon information and belief, Plaintiff and Class Members were paid by Defendant ICE at the Laborer prevailing wage rate rather than the Electrician prevailing wage rate despite the fact that Plaintiff and the Class Members were doing electrical work.

42. Upon information and belief, Plaintiff and Class Members were not paid their supplemental benefits at the Electrician prevailing wage rate, but instead a substantially reduced amount of money was contributed on their behalf by Defendant ICE to an illusory and inaccessible retirement account.

43. Upon information and belief, at no time was Plaintiff or Class Members paid one and one-half times their lawful regular wage for hours worked in excess of forty in one week.

44. The prevailing wage rate for the occupation "Electrician" in New York City, as set by the New York City Comptroller's Office, was $56.00 per hour during 2019.

45. The supplemental benefits rate for the occupation "Electrician" in New York City, as set by the New York City Comptroller's Office, was between $55.72 and $56.54 per hour during 2019. The supplemental benefit rate is to be paid for each hour worked.

46. At no time was Plaintiff or Class Members paid $111.72 per hour (the 2019 prevailing wage plus the supplemental benefit rate) for any hour worked doing electrical work at BNYDC or any other public works project.

47. Defendant's unlawful conduct as herein described has been widespread, repeated and consistent.

## INDIVIDUAL FACTUAL ALLEGATIONS

48. Plaintiff worked as an electrician for ICE from February 2019 to October 2019.

49. Upon his hire, Defendant ICE failed to provide Plaintiff a legally sufficient hiring notice in compliance with NYLL Sec. 195(1).

50. During the course of Plaintiff's employment, Defendant ICE failed to provide Plaintiff with a legally sufficient wage statement notice in compliance with NYLL Sec. 195(3).

51. Among other electrical tasks, Plaintiff provided temporary and permanent power; installed PVC conduit and electrical wiring; bent pipes and added electrical wiring for electrical rooms, elevator rooms and telecom rooms; and provided EMT pipes, wires and mounted lights inside and outside buildings.

52. Plaintiff did this electrical work along with approximately 25-30 other ICE employed electricians at the Brooklyn Navy Yard, which is owned by the City of New York.

53. Upon information and belief, the City of New York, through the BNYDC contracted with a general contractor (i.e., Steiner NYC) and/or ICE to, among other things, improve, install, replace and rehabilitate the electrical capacity in various buildings including, but not limited to, Buildings A,C, D and E at the Brooklyn Navy Yard.

54. Plaintiff and his co-workers performed this electrical work on Buildings A, C, D and E at the Brooklyn Navy Yard in compliance with the relevant public works contract.

55. By law and pursuant to contract, Defendant ICE was required to pay Plaintiff the lawful prevailing wage and supplemental benefits rate for the electrical work that he performed, but failed to do so.

56. Rather than pay Plaintiff $56.00 per hour plus an additional approximately $56.00 per hour in supplemental benefits, Defendant ICE paid Plaintiff $42.00 or $42.65 per hour in

wages and no direct payment for his supplemental benefits.

57. The value of the supplemental benefits provided to Plaintiff by ICE was far below the supplemental benefit rate applicable to the Electrician prevailing wage rate, and even the Laborer prevailing wage rate. Plaintiff was provided minimal health insurance, and no vacation time or the other components of the prevailing wage fringe benefits.

58. Plaintiff often worked more than 40 hours in a week and sometimes on weekends, but Defendant ICE failed to pay Plaintiff time and one-half his regular rate of pay, that being $56.00 per hour. As only an example, Plaintiff worked 12 hours of overtime during the week ending September 21, 2019 and was not paid time and one-half his regular rate of pay, or $84.00 per each hour of overtime he worked.

## FIRST CAUSE OF ACTION

### (FLSA: UNPAID OVERTIME WAGES)

59. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 58 herein.

60. Defendant ICE engaged in a widespread pattern or practice of violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

61. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consents is attached hereto and incorporated by reference.

62. At all times relevant to this action, Plaintiff and the putative collective were employed by Defendant ICE within the meaning of the FLSA, 29 U.S.C. § 203.

63. At all times relevant to this action, Plaintiff and the putative collective were engaged in commerce and Defendant ICE was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

64. Defendant ICE willfully failed to pay Plaintiff and the putative collective overtime compensation at a rate of not less than one and one-half times their lawful regular rate of pay (i.e., the electrician's prevailing wage rate) for each hour worked in excess of forty in a workweek, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

65. Defendant ICE failed to keep appropriate and accurate payroll and time records as required by federal law.

66. Due to the FLSA violations committed by Defendant ICE Plaintiff and the collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### (NYLL: UNPAID OVERTIME WAGES)

67. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 66 herein.

68. At all times relevant to this action, Plaintiff and the putative Class were employed by Defendant ICE within the meaning of New York Labor Law Article 6 § 190.

69. Defendant ICE willfully violated the rights of Plaintiff and the putative Class Members by failing to pay them overtime compensation at rates not less than one and one half times their lawful regular rate of pay for each hour worked in excess of forty in a workweek, in violation of New York Minimum Wage Act (New York Labor Law Article 12) and its regulations, N.Y.C.R.R. Sec. 142-2.2.

70. Defendant ICE willfully violated the rights of Plaintiff and the putative Class Members by failing to pay them wages due and owing for work performed in violation of the

New York State Labor law.

71. Due to the New York Labor Law violations committed by Defendant ICE, Plaintiff and the putative Class Members are entitled to recover their unpaid overtime premium wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to New York Labor Law Article 6 §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*

### THIRD CAUSE OF ACTION

### (BREACH OF THIRD PARTY BENEFICIARY CONTRACT)

72. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 71 herein.

73. Article 8 of the New York Labor Law, specifically § 220(3)(a), (b), requires that all contracts to which the state, public benefit corporation, or a municipal corporation is a party "shall contain a provision that each laborer, workman or mechanic, employed by such contractor, subcontractor or other person about or upon such public work, shall be paid the [prevailing] wage[]" and supplements for each hour worked.

74. The prevailing wage and supplement rates for Electricians in New York City for 2019, set by the New York City Comptroller, was $56.00 per hour in wages, plus approximately $56.00 per hour in supplemental benefits.

75. The statutorily required incorporation of such terms into all public works contracts and subcontracts in the State of New York exists for the benefit of Plaintiff and putative Class Members.

76. Defendant ICE breached their public works contracts and/or subcontracts by failing to pay Plaintiff and the putative Class Members the proper prevailing wage and

13

supplemental benefits rate for all hours worked doing electrical work in performance of said contracts.

## **FOURTH CAUSE OF ACTION**

### **(NYLL 195(1))**

77. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 76 herein.

77. Defendant ICE willfully failed to provide Plaintiff and the putative class members with annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

Through their knowing or intentional failure to provide Plaintiff and the putative class members with the wage notices required by NYLL, Defendant ICE has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

78. Due to Defendant ICE's willful violations of NYLL, Article 6, § 195(1), Plaintiff and the putative class members are entitled to statutory penalties of fifty dollars for each work day that Defendant ICE failed to provide Plaintiff and the putative class members with wage notices,

or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## FIFTH CAUSE OF ACTION

### (NYLL 195(3))

79.     Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 78 herein.

80.     Defendant ICE has willfully failed to provide Plaintiff and the putative class members with accurate statements of wages as required by NYLL, Article 6, § 195(3), in English or in their primary language, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

81.     Through their knowing or intentional failure to provide Plaintiff and the putative class members with the wage statements required by the NYLL, Defendant ICE has willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

82.     Due to Defendant ICE's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the putative class members are entitled to statutory penalties of two hundred fifty dollars for each work day that Defendant ICE failed to provide Plaintiff and the putative class members with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## DEMAND FOR JURY TRIAL

83.     Plaintiff demands a jury trial of all claims and causes of actions alleged in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

a.  That, at the earliest possible time, Plaintiff be permitted to give notice of this collective action, or that the court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this court's issuance of court-supervised notice, been employed by Defendant ICE. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied their lawful overtime compensation;

b.  Certificate of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c.  Designation of Jonathan Mota as representative of the Class, and counsel of record as Class Counsel;

d.  Unpaid overtime wages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 201 *et seq.*, and New York Labor Law Article 6 § 198 1-a;

e.  An additional and equal amount of unpaid wages as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.*;

f.  An additional and equal amount of unpaid wages as liquidated damages

        pursuant to New York Labor Law Article 6 § 198;

g.     The difference between the wages paid to Plaintiff and putative class members for non-overtime work on public works projects based on the proper, lawful prevailing wage plus supplemental benefit rate at the time, as determined by the New York City Comptroller, and interest on said sum; and,

h.     Issuance of a declaratory judgment that the practices of Defendant ICE complained of herein are unlawful under the FLSA and New York State Labor Law.

Dated: New York, New York
       September 14, 2020

                               BERANBAUM MENKEN LLP

                        By:   _s/_____
                               Bruce E. Menken
                               80 Pine Street, 33nd Floor
                               New York, NY 10005
                               Office: 212-509-1616
                               Cellular: 973-432-1122