UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JONATHAN MOTA, on behalf of himself and all
others similarly situated,

                      Plaintiff,

-against-                                ORDER

INTER CONNECTION ELECTRIC, INC.         20 Civ. 7530 (GBD)

                      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, District Judge:

       Plaintiff Jonathan Mota brings this action on behalf of himself and all others similarly situated against Defendant Inter Connection Electric, Inc., alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law. Plaintiff claims that from February 2019 to October 2019 he "performed electrical work in New York City at a long-term public project located at the Brooklyn Navy Yard" and that Defendant failed to pay him at least one and one-half times the prevailing wage for electricians for all hours over forty that he worked. (Compl., ECF No. 1, ¶¶ 1–4.) Before this Court is Plaintiff's motion for conditional certification and notice pursuant to 29 U.S.C. § 216(b). (ECF No. 20.)

       Under § 216(b) of the FLSA, an employee is allowed to "assert claims on behalf of other 'similarly situated' employees." *Myers v. Hertz Corp.*, 624 F.3d 537, 542 (2d Cir. 2010). Similarly situated employees are required to "opt-in" by filing a written consent, to become part of the FLSA collective action and to be bound by the judgment. *Id.* Courts have the discretion "to facilitate notice to potential plaintiffs to inform them of the pendency of an action and of their opportunity to opt in as represented plaintiffs." *Jason v. Falcon Data Com, Inc.*, 2011 WL 2837488, at *4 (E.D.N.Y. July 18, 2011).

Courts engage in a two-step analysis in deciding whether to certify a collective action under the FLSA. *Myers*, 624 F.3d at 554–55. First, a court determines whether notice should be sent to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiff, thus conditionally certifying the collective action. *Id.* A plaintiff's burden at this stage is minimal. *Xuguang Chang v. CK Tours, Inc.*, 2019 WL 1873022, at *1 (S.D.N.Y. Apr. 26, 2019). A plaintiff need only make a "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 554–55. A plaintiff can satisfy its burden by showing "there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions." *Id.*

Second, following discovery, a court determines whether the "'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555. If the plaintiffs are not similarly situated, then the collective action may be "de-certified" and "the opt-in plaintiffs' claims may be dismissed without prejudice." *Id.*

Here, Plaintiff's motion to conditionally certify an FLSA collective action is GRANTED to the extent it seeks certification of former and current employees of Inter Connection Electric that performed electrical work at the Brooklyn Navy Yard and were not paid prevailing wages for electricians. Plaintiff Mota, and the three opt-in Plaintiffs that provided declarations, performed electrical work at the Brooklyn Navy Yard while employed by Defendant. (*See* ECF No. 22, Exhibits 3-5.) The declarations provided each identify, if only at a high level of detail, that there are other employees who are similarly situated to Plaintiff in that they performed electrical work at the Brooklyn Navy Yard and did not receive prevailing wages. *Id.* However, Plaintiff does not establish how he is similarly situated to employees who worked at "other public job sites" and

2

does not specifically identify what other similar public projects he is referring to. (*See* Pl.'s Mem., ECF No. 21, at 1.) Accordingly, opt-in plaintiffs are limited to employees of Defendant who performed electrical work at the Brooklyn Navy Yard.

Plaintiff's proposed notice to potential opt-in plaintiffs shall be modified in accordance with this Order and delete each reference to "any other public job site." Updated proposed notices shall be submitted for this Court's review within 14 days of this Order. Plaintiff's request that the notices be issued in English, Polish, and any other language identified by Defendant, and disseminated via U.S. mail, text message, and email, and permitting a 60-day opt-in period is GRANTED. To promote judicial economy and efficiency notice shall be provided to all putative collective action members for the six-years prior to the filing of the Complaint (i.e. September 14, 2014.)

Defendant shall provide to Plaintiff, within 14 days of this Order, a computer readable data file containing the following information for all potential collective action members who worked for Defendant at the Brooklyn Navy Yard at any point from September 14, 2014 to present: full names, last known mailing addresses, known telephone numbers, known email addresses, work locations, dates of employment, and, if known, primary languages spoken.

Plaintiff asks that the FLSA statute of limitations be tolled from December 23, 2020, the date his motion was originally filed, until the date of this Order. (Pl.'s Mem. at 14.) "The delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine." *Yahraes v. Rest. Assocs. Events Corp.*, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011) (internal quotations and alterations omitted.) To avoid prejudice to actual or potential opt-in plaintiffs, Plaintiff's request for equitable tolling is

3

GRANTED. The FLSA statute of limitations is tolled from December 23, 2020 to the date of this Order.

## CONCLUSION

This case is conditionally certified as a collective action with respect to current and former electrical workers, who while performing work for Defendant at the Brooklyn Navy Yard from September 14, 2014 to present, were not paid at least one and one-half times the prevailing wage rate for electricians for all hours over forty that they worked in a workweek.

The Clerk of Court is directed to close ECF Nos. 20 and 24.

Dated: July 28, 2021
      New York, New York

                                SO ORDERED.

                                *George B. Daniels*
                                GEORGE B. DANIELS
                                UNITED STATES DISTRICT JUDGE